UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

DEC 0 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT ARTHUR MACKAY,          )
No. 03473-063                  )
Federal Correctional Complex   )
Box 3000 (MEDIUM)              )
Forrest City, Arkansas  72336, )
                               )
                 Plaintiff,    )
                               )
            v                  )
                               )
DRUG ENFORCEMENT ADMINISTRATION, )
Department of Justice          )
700 Army Navy Drive            )          CASE
Arlinton, Virginia  22202,     )
            and                )             CASE NUMBER  1:05CV02363
FEDERAL BUREAU OF INVESTIGATION, )
935 Pennsylvania Avenue, N.W.  )             JUDGE: James Robertson
Department of Justice          )
Washington, D. C. 20535-0001,  )             DECK TYPE: FOIA/Privacy Act
            and                )
BUREAU OF ALCOHOL, TOBACCO,    )             DATE STAMP: 12/08/2005
FIREARMS & EXPLOSIVES,         )
Department of Justice          )
Washington, D.C.  20226,       )  FREEDOM OF INFORMATION ACT SUIT
            and                )
UNITED STATES MARSHALS SERVICE, )
600 Army Navy Drive, Suite 420 )
Department of Justice          )
Arlington, Virginia 22202-4210, )
            and                )
INTERNAL REVENUE SERVICE,      )
1111 Constitution Avenue, N.W. )
Washington, D.C.  20224,       )
            and                )
DEPARTMENT OF DEFENSE,         )
400 Army Navy Drive            )
Arlington, Virginia 22202-4704, )
            and                )
CRIMINAL DIVISION OF THE UNITED )
STATES DEPARTMENT OF JUSTICE,  )
Keeney Building, Suite 1127,   )
950 Pennsylvania Avenue, N.W.  )
Washington, D.C. 20530,        )
            and                )
NATIONAL ARCHIVES AND RECORDS  )
ADMINISTRATION, 8601 Adelphi Road )
College Park, Maryland 20740-6001,)
            and                )
UNITED STATES POSTAL SERVICE,  )
475 L'Enfant Plaza, SW         )
Washington, D.C. 20260,        )

-1-

RECEIVED

NOV 1 6 2005

NANCY MAYER WHITTINGT-
U.S. DI

```
FEDERAL BUREAU OF PRISONS,            )
320 First Street, N.W.                )
Washington, D.C. 20534,               )
                   and                )
TAX DIVISION OF THE UNITED STATES     )
DEPARTMENT OF JUSTICE,                )
Ben Franklin Station                  )
Post Office Box 227                   )
Washington, D.C. 20044,               )
                   and                )
BUREAU OF CUSTOMS & BORDER PROTECTION )
Room 3.4A; 1300 Pennsylvania Ave., NW )
Washington, D.C. 20229,               )
                   and                )
CENTRAL INTELLIGENCE AGENCY,          )
Washington, D.C. 20505,               )
                   and                )
EXECUTIVE OFFICE FOR UNITED STATES    )
ATTORNEYS, Department of Justice      )
600 E. street, N.W., Room 7300        )
Washington, D.C. 20530-0001,          )
                   and                )
UNITED STATES SECRET SERVICE,         )
950 H. Street, N.W., Suite 3000       )
Washington, D.C. 20223,               )
                   and                )
DEPARTMENT OF STATE,                  )
SA-2, 5th Floor                       )
Washington, D.C. 20522-60001,         )
                   and                )
OFFICE OF THE ATTORNEY GENERAL,       )
Department of Justice                 )
Suite 570, Flag Building              )
Washington, D.C. 20530-0001,          )
                   and                )
NATIONAL SECURITY AGENCY,             )
Fort George G. Meade, Maryland        )
20755-6000,                           )
                   and                )
INTERPOL - UNITED STATES NATIONAL     )
CENTRAL BUREAU, Department of         )
Justice, Washington, D.C. 20530-0001  )
                                      )
                       Defendants.    )
```

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, ROBERT ARTHUR MACKAY, Pro Se, a federal prisoner, and as and for his complaint against the above named defendants, states, alleges and claims as follows:

-2-

## Jurisdiction

This Court has jurisdiction this complaint for judicial review pursuant to the Freedom of Information Act. (5 USC Section 552).

## Venue

Venue is proper and lies in the District of Columbia for all Freedom of Information Act suits.

## Plaintiff

Plaintiff, ROBERT ARTHUR MACKAY, is a federal prisoner presently housed at the Federal Correctional Complex, Medium Facility, at Box 3000, Forrest City, Arkansas 72336.

## Defendants

Defendants, each and every one of them, named in the caption, are "agencies" as defined in the Freedom of Information Act, and are subject to the FREEDOM OF INFORMATION ACT laws.

## COUNT I

1.    By letter dated April 7, 2005, to the DRUG ENFORCEMENT ADMINISTRATION, (hereinafter "DEA"), plaintiff requested all information in any way connected to, related to, or even remotely in reference to his nam.
2.    Defendant DEA never responded to plaintiff's request.
3.    By letter dated June 28, 2005, to the Office of Information and Privacy (Hereinafter "OIP"), plaintiff appealed the failure of the DEA to respond to his request within the statutory time limits within which to do so by law.
4.    By letter dated August 8, 2005, the OIP responded to the plaintiff advising him that DEA is still processing his request.
5.    Plaintiff has never received any further correspondence from the DEA or the OIP in connection to this specific request.
6.    DEA is in gross derrogation of the statutory time limits within which to process plaintiff's legimate request under the Freedom of Information Act (Hereinafter "FOIA").
7.    This action is proper to obtain judicial review of the DEA's action/inaction.

## COUNT II

1.    By letter dated April 7, 2005, to the FEDERAL BUREAU OF INVESTIGATION (Hereinafter "FBI") in Washington, D.C. plaintiff requested all information in connection to his name in the Central Office of the FBI and the Field Offices in or near Muskogee, OK; Hugo, OK; Durant, OK; Dallas, TX; Houston, TX; Pheonix, AZ; Tucson, AZ; Little Rock, AR; Bridgeport, Connecticut; Philadelphia, Pennsylvania; and Raliegh, North Carolina.
2.    By another letter to the Houston FBI Field Office, plaintiff requested information in connection to his name from the FBI.

3.    By specific letters, all dated April 14, 2005, and separately
sent to each of the FBI Field Offices, plaintiff requested all
information in connection to his name from the FBI Field Offices
in Oklahoma City, Oklahoma; Philadelphia, Pennsylvania; Phoenix,
Arizona; Little Rock, Arkansas; New Haven, Connecticut; Charlotte,
North Carolina; all mailed the same day.
4.    By letter dated May 19, 2005, the FBI in Washington, D.C.
responded to plaintiff assigning No. 1020903-000 to his requests.
5.    By letter dated May 23, 2005, the FBI in Washington, D.C.
acknowledged receipt of requests forwarded to the Central Office
from the Field Offices of the FBI.
6.    By letter dated June 2, 2005, the FBI in Washington, D.C.
acknowledged receipt of more FOIA requests to the Field Offices
of the FBI that were forwarded to FBI Headquarters.
7.    By letter dated August 4, 2005, the plaintiff filed an
administrative appeal with the OIP complaining that all the
Field Offices had not responded to the requests.
8.    By letter dated August 22, 2005, the OIP responded to the
plaintiff advising him that the FBI is still processing his
requests.
9.    The Defendant FBI is in gross derrogation of the statutory
time limits within which to respond to the plaintiff's legitimate
FOIA requests.
10.   This action is proper to obtain judicial review of the FBI
action/inaction.

## COUNT III

1.    By letter dated April 14, 2005, the plaintiff requested all
information in any way connected to his name from the FBI Field
Office in Dallas, Texas.
2.    By letter dated August 2, 2005, the FBI in Washington, D.C.
acknowledged receipt of the request. (No. 1026007-000)
3.    By letter dated August 25, 2005, the FBI in Washington, D.C.
advised plaintiff that no records could be located in the Dallas,
Texas Field Office of the FBI.
4.    By letter dated September 7, 2005, the plaintiff had not yet
received the August 25, 2005 correspondence from the FBI and appealed
the failure of the FBI to further respond to and process his request
to the FBI to the OIP. (Central Office)
5.    By another letter dated September 12, 2005, after having received
the August 25, 2005 correspondence from the FBI, plaintiff appealed
the no records response of the FBI concerning the Dallas, Texas
Field Office, to the OIP.
6.    Plaintiff to date has not received any further correspondence
from the FBI or the OIP in connection to this request.
7.    FBI is in gross derrogation to the FOIA time limits within
which to process his requests and appeals concerning the Dallas,
Texas request.
8.    This action is proper to obtain judicial review of the FBI
action/inaction on his Dallas, Texas Field Office request.

## COUNT IV

1.    On September 29, 2005, the plaintiff received a highly exporgated
document from the FBI that was refered to the FBI from the United
States Marshals Service citing b7C for withholding the information
excised.
2.    By letter dated October 5, 2005, to the OIP, plaintiff
appealed the use of the exemption b7C as arbitrary and capricious
action of the FBI.
3.    Plaintiff, to date has not received any further correspondence
from either FBI, Marshals or the OIP in connection to this request
enumerated No. 1024699-000.
4.    The FBI has violated the statutory time limits within which to
process his administrative appeal via the OIP.
5.    The withholdings under b7C are arbitrary and capricious action
by the FBI.
6.    This action is proper to obtain judicial review of the FBI
action/inaction as delineated above.

## COUNT V

1.    By letter dated April 7, 2005, the plaintiff requested all
information in connection to his name from the BUREAU OF ALCOHOL,
TOBACCO, FIREARMS & EXPLOSIVES. (Hereinafter "BATF&E")
2.    By letter dated May 19, 2005, the BATF&E acknowledged receipt
of the plaintiff's request.
3.    By letter dated June 17, 2005, the BATF&E advised plaintiff
that they were unable to provide the requested documents because
they were destroyed.
4.    Plaintiff on July 23, 2005 appealed the no records response
of the BATF&E and appealed the sufficiency of the search to the OIP.
5.    By letter dated August 8, 2005, the OIP advised plaintiff that
his appeal was assigned No. 05-1088.
6.    The plaintiff has received no further correspondence from
either the BATF&E or the OIP in connection to these requests or appeal.
7.    The statutory time limits within which to respond to the appeal
has expired and BATF&E and OIP are in gross violation of the FOIA.
8.    This action is proper to obtain judicial review of the BATF&E
action/inaction on his request.

## COUNT VI

1.    By letter dated April 7, 2005, to the UNITED STATES MARSHALS
SERVICE (Hereinafter "USMS") plaintiff requested all information in
connection to his name.
2.    By letter dated May 20, 2005, the USMS acknowledged receipt
of plaintiff's request.
3.    By letter dated July 1, 2005, the USMS released 22 documents
of highly exporgated material and withheld 9 documents citing certain
exemptions of the FOIA.
4.    By letter to OIP dated July 11, 2005 plaintiff appealed the use
of those exemptions as arbitrary & capricious.

5.    By letter dated July 22, 2005, the OIP acknowledged receipt
of the plaintiff's administrative appeal.
6.    By letter dated October 3, 2005 the OIP affirmed the USMS's action
of his request.
7.    Plaintiff hereby seeks judicial review of the OIP and USMS
action/inaction on his request.

## COUNT VII

1.    By letter dated April 8, 2005, to the INTERNAL REVENUE SERVICE
(Hereinafter "IRS") in Washington, D.C., plaintiff requested records
in connection to his name in the Muskogee, Oklahoma; Tucson, Arizona;
Little Rock, Arkansas; Houston, Texas districts of the IRS.
2.    By specific request to the Houston, Texas district director,
the plaintiff again requested records from the IRS.
3.    By specific request to the Oklahoma City, Oklahoma district
director the plaintiff again requested records from the IRS.
4.    By specific request to the Pheonix, Arizona district director
the plaintiff again requested records from the IRS.
5.    The above specific requests to the district directors of the
IRS were sent on April 15, 2005.
6.    By letter dated May 20, 2005, the IRS in Washington, D.C.
advised plaintiff he did not meet the requirements for his request.
7.    By letter to the IRS as an administrative appeal, to the IRS
in Washington, D.C. plaintiff appealed the rejection of his request
on the ground that he did submit a sufficient request and sworn
statement of identity contrary to the holding of IRS.
8.    By letter dated July 26, 2005, the IRS in Washington, D.C.
advised plaintiff they could not honor his request.
9.    By revised request dated August 3, 2005, plaintiff complied
with the IRS and resubmitted his request to the IRS in August, Texas.
10.    By letter dated August 26, 2005, the IRS in Washington, D.C.
again advised plaintiff that IRS could not honor his request.
11.    By letter dated September 23, 2005, the plaintiff appealed the
bureaucratic runaround he was receiving from IRS on his request.
12.    IRS never responded to the appeal.
13.    Plaintiff requests judicial review of the IRS action/inaction
on his requests under the FOIA.

## COUNT VIII

1.    By letter dated April 8, 2005, to the DEPARTMENT OF DEFENSE
(Hereinafter DOD) at the Pentagon in Washington, D.C., Plaintiff
requested all records in any way connected to his name.
2.    By letter dated April 14, 2005, to the Department of Defense
in Arlington, Virginia, plaintiff requested all records in connection
to his name.
3.    By letter to the DOD in Houston, Texas dated April 14, 2005,
plaintiff requested all records in connection to his name.

-6-

4.    By letter dated May 20, 2005, the DOD responded acknowledging receipt of his letter dated April 14, 2005.
5.    By letter dated July 1, 2005, the DOD responded to the plaintiff's request dated April 8, 2005 advising him that his request was refered to Arlington, Virginia.
6.    By letter dated July 30, 2005 plaintiff appealed the violations of the statutory time limitations by DOD in the processing of his request.
7.    By letter dated August 3, 2005, the D@D released certain information to plaintiff and withheld some pursuant to cited exemptions.
8.    By letter dated August 3, 2005, the plaintiff appealed the violations of the statutory time limits within which to process his requests to the DOD.
9.    By letter dated August 6, 2005, the plaintiff appealed the fact that the DOD had not responded to his request to the Houston Office of the DOD.
10.    By letter dated August 10, 2005, the DOD apologized for the delay in responding to plaintiff's requests.
11.    By letter dated August 20, 2005 to DOD plaintiff appealed the withholding of records by DOD as arbitrary and capricious.
12.    By letter dated August 27, 2005 the plaintiff appealed the arbitrary and capricious action of the DOD.
13.    By letter dated September 13, 2005, the DOD advised plaintiff that his appeal was pending.
14.    The DOD has arbitrarily and capriciously withheld records from the plaintiff.
15.    This action is proper to obtain judicial review of the DOD action/inaction.

## COUNT IX

1.    By letter dated April 7, 2005, plaintiff requested all records in any way connected to his name in the possession of the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE. (Hereinafter "Criminal Division").
2.    By letter dated May 27, 2005, the CRIMINAL DIVISION mailed the plaintiff forms to fill out and return.
3.    By letter dated June 12, 2005 plaintiff returned the completed forms to the CRIMINAL DIVISION.
4.    By letter dated July 26, 2005, plaintiff appealed the fact that the CRIMINAL DIVISION had not responded to his revised request to the OIP.
5.    By letter dated August 5, 2005, the CRIMINAL DIVISION acknowledged receipt of the completed forms.
6.    By letter dated August 15, 2005, the OIP acknowledged receipt of the administrative appeal.
7.    By letter to OIP dated September 6, 2005, plaintiff again appealed the unreasonable delay in the processing of his request to the CRIMINAL DIVISION.
8.    By letter dated September 26, 2005 the OIP acknowledged receipt of the second appeal.
9.    CRIMINAL DIVISION is in violation of the statutory time limits within which to process both the requests and appeals above.

10.    This action is proper to obtain judicial review of the action/ inaction of the CRIMINAL DIVISION.

## COUNT X

1.    By letter dated April 8, 2005, plaintiff requested a copy of all records in any way connected to his name in the possession of the NATIONAL ARCHIVES AND RECORDS ADMINISTRATION (Hereinafter "Archives").
2.    By letter dated May 18, 2005 the ARCHIVES acknowledged receipt of plaintiff's request.
3.    By letter dated May 25, 2005, the ARCHIVES notified plaintiff that no records could be found.
4.    By letter dated June 16, 2005, plaintiff appealed the no records response of the ARCHIVES.
5.    By letter dated September 27, 2005, the ARCHIVES denied the appeal and notified plaintiff he could seek judicial review.
6.    Plaintiff now seeks judicial review of the action/inaction of the ARCHIVES.

## COUNT XI

1.    By letter dated April 8, 2005, plaintiff requested all records in any way connected to his name from the UNITED STATES POSTAL SERVICE (Hereinafter "USPS").
2.    By letter dated July 23, 2005, plaintiff appealed the failure of the USPS to respond to his request.
3.    Plaintiff then received a letter from USPS dated July 12, 2005 acknowledging receipt of his request.
4.    Plaintiff the received a letter dated July 20, 2005 advising the plaintiff that no records were found.
5.    By letter dated August 3, 2005, plaintiff appealed the no records response.
6.    By letter dated August 25, 2005, the USPS responded to the appeal advising plaintiff he may seek judicial review.
7.    By letter dated September 9, 2005, the USPS again refused to correct their mistake.
8.    This action is proper to obtain judicial review of the USPS agency action/inaction.

## COUNT XII

1.    By letter dated April 8, 2005, plaintiff requested all records in any way connected to his name in the possession of the Defendant FEDERAL BUREAU OF PRISONS (Hereinafter "BOP").
2.    By letter dated May 23, 2005, the BOP regional office in Dallas, Texas ordered the local institution to provide plaintiff access to his records.
3.    By letter dated June 8, 2005 the regional counsel in Dallas, Texas requested plaintiff to send the amount of nineteen dollars and thirty cents ($19.30) for payment.
4.    By letter dated July 26, 2005, plaintiff provided the requested fee to the regional counsel.

-8-

5.    By letter dated September 24, 2005, plaintiff appealed the
unreasable delays in the processing of his request to the OIP and
the arbitrary and capricious use of certain exemptions to withhold
information from him.
6.    By letter dated October 14, 2005 the OIP advised plaintiff
that his appeal was pending.
7.    Defendant BOP is in gross violation of the statutory time limits
of the FOIA in connection with his requests and appeals.
8.    This action is proper to obtain judicial review of the BOP
action/inaction.

## COUNT XIII

1.    By letter dated April 7, 2005, plaintiff requested all records
in any way connected to his name from the TEX DIVISION OF THE UNITED
STATES DEPARTMENT OF JUSTICE. (Hereinafter "TAX DIVISION").
2.    By letter dated June 23, 2005, the TAX DIVISION requested the
plaintiff to resubmit his request on the ground that his identification
and verification rules were not complied with.
3.    By letter dated June 29, 2005, to the OIP, the plaintiff
appealed the refusal of the TAX DIVISION to process his request.
4.    By letter dated July 19, 2005, the OIP acknowledged receipt
of plaintiff's request.
5.    By letter from the OIP (undated) the OIP advised plaintiff
that he had prevailed on his appeal and his request was remanded
to the TAX DIVISION for processing.
6.    By letter dated September 12, 2005, the TAX DIVISION released
certain records and partially withheld certain information by the
use of (b)(7)(C).
7.    Plaintiff appealed the use of (b)(7)(C) as arbitrary & capricious
to the OIP by letter dated September 22, 2005.
8.    By letter dated October 14, 2005, the OIP advised plaintiff
that his appeal was filed.
9.    The TAX DIVISION is in violation of the FOIA and the time
limits within which to process his appeal.
10.   This action is proper to obtain judicial review of the action/
inaction of the TAX DIVISION.

## COUNT IV

1.    By letter dated April 8, 2005, plaintiff requested all records
in any way connected to his name from the UNITED STATES CUSTOMS AND
BORDER PATROL (Hereinafter "CUSTOMS").
2.    CUSTOMS never answered the request.
3.    By letter dated September 23, 2005, the plaintiff appealed
the failure of CUSTOMS to respond to his request to the DEPARTMENT
OF HOMELAND SECURITY.
4.    HOMELAND SECURITY never responded to the appeal.
5.    CUSTOMS is in gross derrogation to the FOIA.
6.    This action is proper to obtain judicial review of the action/
inaction of CUSTOMS.

## COUNT XV

1.    By letter dated April 7, 2005, plaintiff requested all records
in any way connected to his name in the possession of the CENTRAL
INTELLIGENCE AGENCY (Hereinafter "CIA").
2.    By letter dated June 8, 2005 the CIA advised plaintiff it
had accepted his request.
3.    By letter dated June 16, 2005, the CIA advised plaintiff it
was unable to identify any records under his name.
4.    By letter dated June 29, 2005, the plaintiff appealed the
no records response of the CIA.
5.    By letter dated July 22, 2005, the CIA accepted the plaintiff's
appeal.
6.    By letter dated September 14, 2005, the CIA denied plaintiff's
appeal.
7.    This action is proper to seek judicial review of the CIA action/
inaction, and contest the propriety of the CIA search.

## COUNT XVI

1.    By letter dated April 7, 2005, plaintiff requested all records
in any way connected to his name in the possession of the EXECUTIVE
OFFICE FOR UNITED STATES ATTORNEYS (Hereinafter "EOUSA").
2.    By letter dated June 28, 2005, the EOUSA assigned number 05-1616
to the request pertaining to the records in the Eastern District
of Arkansas.
3.    By letter dated June 28, 2005, the EOUSA assigned number 05-1617
to the request pertaining to the records in the Eastern District
of Pennsylvania.
4.    By letter dated June 28, 2005, the EOUSA assigned number 05-1613
to the request pertaining to the records in the Northern District
of Texas.
5.    By letter dated June 28, 2005, the EOUSA assigned number 05-1614
to the request pertaining to the records in the Eastern District
of Oklahoma.
6.    By letter dated June 28, 2005, the EOUSA assigned number 05-1615
to the request pertaining to the records in the District of Arizona.
7.    By letter dated July 29, 2005, the EOUSA notified the plaintiff
no records could be found in Pennsylvania.
8.    By letter dated July 29, 2005, EOUSA advised plaintiff no records
could be found in Arkansas.
9.    By letter dated July 29, 2005, the EOUSA notified plaintiff
it could not find any records in the Eastern District of Oklahoma.
10.    By letter to OIP dated July 30, 2005, the plaintiff appealed
the no records response of EOUSA as to the records used to prosecute
him in Oklahoma.
11.    By letter dated August 5, 2005, to OIP plaintiff appealed the
no records response of EOUSA as to the Eastern District of Oklahoma.
12.    By letter dated August 6, 2005, plaintiff appealed the no
records response of EOUSA to the OIP regarding the Arkansas request.

-10-

13.    By letter dated August 22, 2005, the OIP advised plaintiff
that the appeal in Request No. 05-1614 was received.
14.    By letter dated August 23, 2005, the OIP advised plaintiff
that the appeal in Request No. 05-1616 was received.
15.    By letter dated September 8, 2005, plaintiff appealed the
no records response of EOUSA as to the request for records in the
State of Pennsylvania.
16.    By letter dated September 12, 2005, plaintiff paid the $14 fee
requested by the FOIA/PA Unit in Washington, D.C.
17.    By letter dated September 21, 2005, the OIP affirmed the action
of the EOUSA regarding the no records response in connection with
records in Arkansas.
18.    By letter dated September 21, 2005, the OIP advised plaintiff
that his appeal was affirmed by the OIP regarding the records in
the Eastern District of Oklahoma.
19.    Plaintiff has not received one shred of a record in connection
to the prosecution of his person in Oklahoma.
20.    The EOUSA is in gross derrogation of the FOIA time limits
within which to process plaintiff's requests.
21.    Plaintiff is entitled to access to the records used to prosecute
him in Oklahoma by EOUSA and there is no reasonable basis for the
denial of same.
22.    EOUSA is in violation of the FOIA.
23.    This action is proper to obtain access to the requested
information.

## COUNT XVII

1.    By letter dated April 8, 2005, plaintiff requested all records
in any way connected to his name in the possession of the UNITED
STATES SECRET SERVICE (Hereinafter "SS").
2.    By letter dated June 23, 2005, the SS acknowledged receipt
of plaintiff's request.
3.    By letter dated July 30, 2005, plaintiff appealed the unreasonable
delay by SS in the processing of his request.
4.    By letter dated August 23, 2005, the SS advised plaintiff no
records were found in connection to his name.
5.    By appeal letter dated September 6, 2005, plaintiff appealed
the no records response of the SS.
6.    The appeal was affirmed by the DEPARTMENT OF HOMELAND SECURITY
on October 21, 2005.
7.    This action is proper to seek judicial review of the SS action/
inaction.

## COUNT XVIII

1.    By letter dated April 8, 2005, plaintiff requested all records
in any way connected to his name in the possession of the DEPARTMENT
OF STATE (Hereinafter DOS).
2.    By letter dated June 2, 2005 the DOS requested more information
in order to complete the processing of plaintiff's request.
3.    By appeal letter dated June 16, 2005 plaintiff provided more
information and appealed the no records response.

-11-

4.    By letter dated July 22, 2005 the DOS advised plaintiff it was
processing plaintiff's request.
5.    By appeal letter dated September 23, 2005, plaintiff appealed
the unreasonable delay by DOS in the processing of his request.
6.    DOS never responded to that appeal.
7.    This action is proper to obtain judicial review of the action/
inaction of the DOS.

## COUNT XIX

1.    By letter dated April 8, 2005, plaintiff requested all records
in any way connected to his person in the OFFICE OF THE ATTORNEY
GENERAL (Hereinafter "OAG").
2.    By letter to plaintiff from the Justice Management Division
of the United States Department of Justice, he was advised that his
request was refered to the OAG and the TAX DIVISION.
3.    By letter dated July 26, 2005, the OAG advised plaintiff no
records could be found pursuant to his request.
4.    By letter dated July 27, 2005 to OIP plaintiff appealed the
failure of the OIG To respond to his initial request.
5.    By appeal letter dated August 3, 2005, plaintiff appealed the
no records response of the OAG.
6.    By letter dated August 17, 2005, the OIP acknowledged receipt
of an appeal.
7.    By letter dated August 22, 2005 the OIP acknowledged receipt
of the other appeal.
8.    By letter dated September 6, 2005 the OIP affirmed the action
of the OAG in the no records response.
9.    This action is proper to obtain judicial review of the action/
inaction of the OAG.

## COUNT XX

1.    By letter dated April 8, 2005, plaintiff requested all records
in any way connected to his name from the NATIONAL SECURITY AGENCY
(Hereinafter "NSA").
2.    By letter dated June 14, 2005 the NSA advised plaintiff no
records could be found.
3.    By appeal letter dated June 28, 2005 the plaintiff appealed
the no records response of NSA.
4.    The NSA never responded to that appeal.
5.    Plaintiff is entitled to judicial review of the NSA action/
inaction.

## COUNT XXI

1.    By letter dated April 8, 2005, the plaintiff requested all
records in any way connected to his name in possession of the UNITED
STATES NATIONAL CENTRAL BUREAU (Hereinafter "INTERPOL").
2.    INTERPOL responded by letter dated June 7, 2005 advising the
plaintiff no records could be found by INTERPOL.

3.    By letter dated June 16, 2005, plaintiff appealed the no records response of INTERPOL to the OIP.

4.    By letter dated July 14, 2005, the OIP acknowledged receipt of the plaintiff's appeal.

5.    By letter dated August 1, 2005, the OIP affirmed the initial action of INTERPOL in the no records response.

6.    This action is proper to obtain judicial review of the action/ inaction of INTERPOL.

## LEGAL CLAIMS

Each and every defendant named above is in violation of the FOIA.

WHEREFORE, Plaintiff prays for the following relief:

1

These proceedings be ordered expedited according to the provisions of the FOIA;

2

That each and every agency named above be declared in violation of the FOIA;

3

Order plaintiff immediate access to the requested records in the case of each and every agency named above.

4

Grant plaintiff his reasonable attorneys/researchers/clerical and costs fees incurred;

5

Upon a finding of intentional withholding of requested information by any agency or employee thereof, imposition of sanctions and punitive damages be awarded the plaintiff accordingly;

6

Grant any further relief this Court deems just and proper.

Respectfully Submitted this /5/ day of November, 2005.

By _Robert Arthur Mackay_

ROBERT ARTHUR MACKAY, Pro Se
No. 03473-063
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336