```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
          Defendants.          )
                               )
_____)
```

### MOTION FOR TWO BUSINESS DAY EXTENSION OF TIME TO ANSWER THE COMPLAINT AND RESPOND TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 6(b)(1), the nineteen defendants – the Drug Enforcement Administration, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, Firearms & Explosives, the United States Marshals Service, the Internal Revenue Service, the Department of Defense, the Criminal Division of the United States Department of Justice, the National Archives and Records Administration, the United States Postal Service, the Federal Bureau of Prisons, the Tax Division of the United States Department of Justice, the Bureau of Customs and Border Protection, the Central Intelligence Agency, the Executive Office for the United States Attorneys, the United States Secret Service, the Department of State, the Office of the Attorney General, the National Security Agency, and Interpol - United States National Central Bureau hereby move this Court for a further enlargement of time of two business days, through and

including March 28, 2006, within which to answer, move or otherwise respond to the complaint and plaintiff's motion for partial summary judgment in this matter. Because of the difficulties involved in contacting federal prisoners, undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendants has not attempted to contact plaintiff to determine his position on this motion.[1]

Undersigned counsel returned to work this week from his illness but was unable to complete the work on this case due to several emergency matters that he was assigned. The first was a motion for a TRO and preliminary injunction which required his immediate attention and which has a deadline of 5:00pm on Tuesday, March 28, for the government to file its responsive pleadings. He was also assigned two emergency subpoena matters, one to the Attorney General and the other which was issued on Wednesday for government records that relate to one of the government's witnesses in an ongoing murder trial in Superior Court. This subpoena raised some very difficult issues and

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

consumed undersigned counsel's time from 1:30pm on Thursday (March 23) through the afternoon and evening of that day and most of the morning of Friday (March 24). It also required undersigned counsel to return to Superior Court Friday afternoon. Despite these diversions, undersigned counsel has substantially completed the answer in this case and will be able this weekend to complete the opposition to the motion for partial summary judgment and will obtain Monday the final declaration that is needed for that opposition. The need for two business days is due to the fact that undersigned counsel has a medical appointment on Monday that will consume a substantial portion of the day, and he must finalize the written response in the TRO/PI case. The additional time is, therefore, needed.

Attached is a draft order reflecting the requested extension of time.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN, DC Bar #451058
>United States Attorney
>
>RUDOLPH CONTRERAS, DC Bar #434122
>Assistant United States Attorney
>
>        /s/
>FRED E. HAYNES, DC Bar #165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,            )
                             )
          Plaintiff,         )
                             )
     v.                      )  Civil Action No. 05-2363 JR
                             )
DRUG ENFORCEMENT             )
ADMINISTRATION, et al.,      )
                             )
          Defendants.        )
                             )
_____)

ORDER

UPON CONSIDERATION of the motion by defendants for a further extension of time to answer or otherwise respond to the complaint and the plaintiff's motion for partial summary judgment, and the entire record in this case, it is this _____ day of _____, 2006,

ORDERED that defendants shall have to, and including, March 28, 2006, to answer or otherwise respond to the complaint and plaintiff's motion for partial summary judgment in this action.

UNITED STATES DISTRICT JUDGE

Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Robert A. Mackay
# 03473-063
Federal Correctional Complex
P.O. Box 3000
Forrest City, Arkansas 72336

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion for further extension of time to be served by first class mail, postage prepaid, this 24th day of March, 2006, on:

>Robert A. Mackay
># 03473-063
>Federal Correctional Complex
>P.O. Box 3000
>Forrest City, Arkansas 72336

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201