```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
         Plaintiff,            )
                               )
    v.                         )    Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
         Defendants.           )
                               )
```

DEFENDANTS' ANSWER

The nineteen defendants[1] in this Freedom of Information Case submit this answer to plaintiff's complaint. Certain defendants, the FBI and the IRS, will be filing shortly a motion for a stay of proceedings pending completion of search and production of documents, pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976). As that motion will make clear, they have been unable to, and should not be forced to, fully respond to plaintiff's Freedom of Information Act ("FOIA") request at this time.

---

[1] The nineteen named defendants are the Drug Enforcement Administration, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, and Firearms, the United States Marshals Service, the Internal Revenue Service, the Department of Defense, the Criminal Division of the United States Department of Justice, the National Archives and Records Administration, the United States Postal Service, the Federal Bureau of Prisons, the Tax Division of the United States Department of Justice, the Bureau of Customs and Border Protection, the Central Intelligence Agency, the Executive Office for the United States Attorneys, the United States Secret Service, the Department of State, the Office of the Attorney General, the National Security Agency, and Interpol - United States National Central Bureau.

First Defense

The proper defendant in a FOIA case is the agency involved in responding to a particular FOIA request.  Many of the nineteen named defendants in this action are components of a larger agency, which technically should be the defendant.  For example, the lawsuit names ten components of the Department of Justice: the Drug Enforcement Administration ("DEA"); the Federal Bureau of Investigation ("FBI"); the Bureau of Alcohol, Tobacco, and Firearms ("ATF"); the United States Marshals Service ("USMS"); the Criminal Division of the Department of Justice ("Criminal Division"); the Federal Bureau of Prisons ("BOP"); the Tax Division of the Department of Justice ("Tax Division"); the Executive Office for United States Attorneys ("EOUSA"); the Office of the Attorney General ("OAG"); Interpol – United States National Central Bureau ("Interpol").  Additionally, plaintiff has sued the Department of Defense ("DOD") and one of its components, the National Security Agency ("NSA").  Finally, plaintiff has sued two components of the Department of Homeland Security: the Bureau of Customs and Border Protection (BCBP") and the United States Secret Service ("USSS").

Second Defense

Plaintiff has failed to exhaust his administrative remedies as to defendants BOP (for costs related to FOIA exempt documents),DEA, and EOUSA, in that plaintiff has not paid them, nor

has he agreed to pay them, the money that they have requested for the further processing of the FOIA requests.  Additionally, plaintiff has failed to exhaust his administrative remedies by failing to submit FOIA requests that reasonably describe the records that he seeks, <u>see</u>, <u>e.g.</u>, the FOIA requests submitted to the IRS, which request all documents that relate to plaintiff for the time period 1960 to date.

<u>Third Defense</u>

Most of the defendants have either found no responsive records or have released to plaintiff all material that it is proper to release under the FOIA.  These defendants are ATF, USMS, OAG, DOD, the Criminal Division of the United States Department of Justice, the National Archives and Records Administration ("NARA"), the United States Postal Service ("USPS"), BOP, the Tax Division of the United States Department of Justice, BCBP, CIA, USSS, the Department of State, NSA, and Interpol.

<u>Fourth Defense</u>

Defendants, through their undersigned attorneys, hereby answer the unnumbered and numbered paragraphs of the complaint as follows:

<u>First paragraph, captioned Jurisdiction</u>:  It is admitted that the District Court has jurisdiction over FOIA cases where the plaintiff has exhausted his or her administrative remedies.  As will

be noted below, plaintiff has not exhausted his administrative remedies as to some of the defendants, e.g., BOP, DEA and EOUSA. Defendant DEA did not receive plaintiff's FOIA request until after this action was filed, and BOP, DEA, and EOUSA have sent fee letters to plaintiff, to which he has not yet responded by providing the money needed before these entities complete their search for documents responsive to their request.  Additionally, it is unclear at this time whether plaintiff has exhausted his administrative remedies as to the FBI, since that agency is in the process of responding to the plaintiff's FOIA requests. Finally, plaintiff's FOIA requests to the IRS, for example, were defective in that they were overbroad and did not identify with particularity the information that plaintiff sought.

<u>Second paragraph, captioned venue</u>:  It is admitted that venue is proper in the District of Columbia.

<u>Third paragraph, captioned Plaintiff</u>:  Admitted.

<u>Fourth paragraph, captioned Defendants</u>:  As explained in the First Defense, many of the defendants are in fact components of agencies that are subject to the FOIA.

COUNT I (DEA)

Paragraph (¶)1: It is denied that the DEA received plaintiff's FOIA request prior to the filing of this civil action.

¶ 2.  It is admitted that DEA did not respond to plaintiff's FOIA request prior to the commencement of this action; DEA only received the FOIA request after this action was filed.

¶ 3.  Admitted, except that it is noted that DEA had not received the FOIA request at the time of plaintiff's appeal.

¶ 4.  Admitted; however, the letter from OIP was in error when it stated that DEA was processing the FOIA request.

¶ 5.  DEA lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph; a fee letter was recently sent to plaintiff.

¶ 6.  Denied.

¶ 7.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### COUNT II(FBI)

¶ 1 through ¶ 5.  Admitted.

¶ 6.  Admitted, except that it is noted that the FBI's letter only acknowledged one field office request made by plaintiff.

¶ 7 and ¶ 8.  Admitted.

¶ 9.  Denied.

¶ 10.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### COUNT III (FBI)

¶ 1.  Admitted.

-5-

¶ 2.  Admitted, subject to the caveat that it is unclear whether the letter referred to the request for records from the Dallas field office.

¶ 3.  Admitted.

¶ 4.  The FBI lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

¶ 5.  Admitted.

¶ 6.  Denied.

¶ 7.  Denied.

¶ 8.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

## COUNT IV (FBI)

¶ 1.  It is denied that there were any redactions made by the FBI on this document, but it is admitted that USMS made redactions on the document under the authority of Exemption (b)(7)©, 5 U.S.C. § 552(b)(7)©.

¶ 2.  Admitted, except that it is noted that the redactions to the document were made by USMS, not the FBI.

¶ 3.  Denied.

¶ 4.  Denied, except that it is noted that the Office of Information and Privacy in the Department of Justice did not resolve plaintiff's appeal within twenty business days.

¶ 5.  Denied.

¶ 6.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

## COUNT V (ATF)

¶ 1 through ¶ 6.  Admitted.

¶ 7.  Denied.

¶ 8.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

## COUNT VI (USMS)

¶ 1 through ¶ 2.  Admitted.

¶ 3.  Denied, except that it is admitted that USMS responded to plaintiff by a letter dated July 1, 2005, which released to plaintiff 22 documents with some material redacted under Exemption (b)(7).

¶ 4 through 7.  Admitted.

## COUNT VII (IRS)

¶ 1.  Admitted.

¶ 2.  Denied.

¶ 3.  Denied.

¶ 4.  Admitted.

¶ 5.  The IRS lacks knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, except that it is admitted that a request dated April 15, 2006, and addressed to the Phoenix office was received by the IRS.

¶ 6.  It is admitted that by a letter dated May 20, 2005, the IRS advised plaintiff that his April 15, 2005, FOIA request did not meet the requirements for a proper FOIA request.  This letter only responded to plaintiff's April 15, 2005, letter to the Phoenix, Arizona, district director.

¶ 7.  Admitted.

¶ 8.  Admitted, except that it is denied that the July 26, 2005, letter from the IRS responded to any FOIA request other than the April 15, 2005, request addressed to the Phoenix, Arizona, IRS office.

¶ 9.  It is admitted that by a letter dated August 3, 2005, resubmitted his FOIA request to the Austin office of the IRS.

¶ 10.  Admitted.

¶ 11 and ¶ 12.  The IRS lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averments in these paragraphs.

¶ 13.  This is plaintiff's characterization of his case, as to which no answer is required.

## COUNT VIII (DOD)

¶ 1 through ¶ 4.  Admitted.

¶ 5.  It is admitted that by a letter dated July 1, 2005, DOD referred plaintiff's FOIA request to the Office of the Inspector General of DOD.

¶ 6.  It is admitted that by a letter dated July 30, 2005, plaintiff appealed what he considered to be violations of the time limits set forth in the FOIA.

¶ 7 and ¶ 8.  Admitted.

¶ 9.  It is admitted that by a letter dated August 6, 2005, plaintiff appealed the lack of a substantive response to one of his FOIA requests.  The Court is respectively referred to the letter, which is the best evidence of its contents.

¶ 10.  It is admitted that by a letter dated August 10, 2005, the Office of the Inspector General of DOD apologized for the delay in completing the response to plaintiff's FOIA request.  The August 10, 2005, letter responded to plaintiff's letters dated July 30, 2005, and August 3, 2005; it is the best evidence of its contents.

¶ 11.  It is admitted that by a letter dated August 20, 2005, plaintiff sought to appeal the response by DOD to his FOIA request.  The letter is the best evidence of its contents.

¶ 12.  It is admitted that by a letter dated August 27, 2005, plaintiff further appealed the response to his FOIA request.

¶ 13.  Admitted.

¶ 14.  Denied.

¶ 15.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

#### Count IX (Criminal Division)

¶ 1 through ¶ 6.  Admitted.

¶ 7.  Admitted, except that it is denied that the Criminal Division unreasonably delayed its response to plaintiff's FOIA request.

¶ 8.  Admitted.

¶ 9.  Denied, except that it is admitted that the Criminal Division did not substantively respond to plaintiff's FOIA request within time limits in working days set out in the FOIA.

¶ 10.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

#### Count X (NARA)

¶ 1 through ¶ 6.  Admitted.

#### Count XI (USPS)

¶ 1 through ¶ 6.  Admitted.

¶ 7.  It is denied that the USPS letter dated September 9, 2005, was a refusal by the USPS to correct its alleged mistakes.

#### Count XII (BOP)

¶ 1 through ¶ 3.  Admitted.

¶ 4.  Denied; plaintiff has not paid the fee of $19.30 for the records maintained in the FOIA exempt section of his files.

¶ 5.  It is admitted that plaintiff appealed the response to his FOIA request by a letter dated September 24, 2005, but it is denied that BOP's were unreasonable or arbitrary and capricious.

¶ 6.  Admitted.

¶ 7.  Denied.

¶ 8.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XIII (Tax Division)

¶ 1 through ¶ 4.  Admitted.

¶ 5.  Denied, except that it is admitted that OIP remanded the case to the Tax Division for further processing.

¶ 6 through ¶ 8.  Admitted.

¶ 9.  It is denied that the Tax Division violated the FOIA, although it is conceded that plaintiff's appeal was not resolved in the 20 business days provided in the statute.

¶ 10.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XIV (BCBP)

¶ 1.  Admitted.

¶ 2.  Denied; BCBP sent plaintiff a letter dated August 9, 2005, explaining that his request for "all records" did not reasonably describe the records that he was seeking and that he should submit a new request for records describing in greater detail the records that he was seeking.

¶ 3 and ¶ 4.  Denied, in that BCBP does not have records of the correspondence referred to in these paragraphs.

¶ 5.  Denied.

¶ 6.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XV (CIA)

¶ 1 through ¶ 6.  Admitted.

¶ 7.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XVI (EOUSA)

¶ 1 through ¶ 6.  Admitted, except that it is noted that nothing on the face of the EOUSA letters to plaintiff assigning FOIA request numbers correlates the request numbers with a specific U.S. Attorney's Office.

¶ 7.  Admitted, with the caveat that the letter requested the payment of a search fee.

¶ 8 through ¶ 15.  Admitted.

¶ 16.  Denied.

¶ 17 and ¶ 18.

¶ 19.  EOUSA lacks knowledge or information sufficient to form a belief as to the truth of the averments int this paragraph.

¶ 20.  Denied.

¶ 21.  Plaintiff has not been denied access to records in Oklahoma that relate to him; no records were found in the search that was conducted in the Eastern District of Oklahoma.

¶ 22.  Denied.

¶ 23.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XVII (USSS)

¶ 1 through 5.  Admitted.

¶ 6.  It is admitted that the "no records" finding was affirmed on appeal.

¶ 8.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### Count XVIII (State Department)

¶ 1 and ¶ 2.  Admitted.

¶ 3.  Denied, except that it is admitted that plaintiff sent a letter dated June 16, 2005, providing more information about his FOIA request.

¶ 4.  Admitted.

¶ 5.  Denied, except that it is admitted that plaintiff sent the letter referred to in this paragraph.

¶ 6.  Admitted, except that it is noted that the State Department has continued to process plaintiff's FOIA request, and anticipates completing this week the response to the FOIA request.

¶ 7.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

### COUNT XIX (OAG)

¶ 1 through ¶ 7.  Admitted.

¶ 8.  Admitted, except that it is noted that it was the action of the Deputy Director of OIP that was affirmed on appeal.

## COUNT XX (NSA)

¶ 1 through ¶ 3.  Admitted.

¶ 4.  Denied.

¶ 5.  Admitted.

## COUNT XXI (INTERPOL)

¶ 1 through ¶ 6.  Admitted.

¶ 7.  Denied, except that it is noted that the FOIA statute gives plaintiff the right to file this action.

The remainder of the complaint is plaintiff's prayer for relief, and defendants deny that plaintiff is entitled to any relief.

All allegations not expressly admitted or denied are denied.

WHEREFORE, defendants request this Court to deny the plaintiff all relief requested, dismiss the complaint with prejudice, grant defendants such other relief as the Court deems appropriate, and award defendants the costs of this action.

                                      Respectfully submitted,

                                      KENNETH L. WAINSTEIN, DC Bar#451058
                                      United States Attorney

                                      RUDOLPH CONTRERAS, DC Bar #434122
                                      Assistant United States Attorney

```
                    /s/
     FRED E. HAYNES, DC Bar #165654
     Assistant United States Attorney
     555 Fourth Street, N.W., E-4110
     Washington, D.C.  20530
     202. 514.7201
```

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing answer to be served by first-class mail, postage prepaid, this 28th day of March, 2006, on:

>Robert A. Mackay
># 03473-063
>Federal Correctional Complex
>P.O. Box 3000
>Forrest City, Arkansas 72336

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201