UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil Action No. 05-2363 JR
                                 )
DRUG ENFORCEMENT                 )
ADMINISTRATION, et al.,          )
                                 )
          Defendants.            )
_____)

RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF
<u>THE EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

Plaintiff has filed a motion for partial summary judgment on the issue of his exhaustion of administrative remedies as to the nineteen defendants. Under the Freedom of Information Act, administrative remedies must be exhausted prior to judicial review. <u>Wilbur v. CIA</u>, 355 F.3d 675, 676 (D.C. Cir. 2004). As defendants explain below and as also explained in defendant's response to plaintiff's statement of material facts not in genuine dispute, there are four issues in this case that must be considered in answering the question whether plaintiff has exhausted his administrative remedies: (a) did plaintiff send a FOIA request to the Drug Enforcement Agency ("DEA"): (b) has plaintiff met the requirement that FOIA requests be reasonably specific as to the documents that they seek; (c) has plaintiff agreed to pay, and in some cases actually pay, search and reproduction charges that will be sustained by an agency in continuing to process the FOIA request; and (d) is it appropriate

to stay further consideration of the exhaustion of administrative remedies while a stay is pending pursuant to a motion filed under <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), on behalf of the FBI and the IRS.

### Failure To File A FOIA Request

Attached as Exhibit A hereto is a declaration from William C. Little, Jr., a DEA official, who explains that DEA did not receive the FOIA request from plaintiff.  When the case was filed, this office (the United States Attorney's Office for the District of Columbia) forwarded to DEA a copy of the request that was attached to plaintiff's filings.  After receipt of the request, DEA has proceeded to  process it.  It recognizes that confusion may have been created in plaintiff's mind when he appealed the lack of a response by DEA and was advised by the Department of Justice's FOIA appellate authority, erroneously, that the appellate authority (the Office of Information and Privacy) understood that DEA was continuing to process the FOIA request.  <u>See</u> Exhibit 3 to plaintiff's motion for partial summary judgment.

### Lack Of Specificity In The FOIA Requests

Plaintiff's FOIA requests suffer from a general deficiency – they are, for the most part, very general in the information that they seek, e.g., "all records" that relate to plaintiff.  Such a broad request fails to "reasonably describe" the records sought,

5 U.S.C. § 552(a)(3)(A), and may be viewed as an improper "fishing expedition" through the agency's records. See Immanuel v. Secretary of the Treasury, 1995 WL 464141, at 1 (D. Md., April 4, 1995, aff'd, 81 F.3d 150 (4th Cir. 1996)(unpublished table decisions); see also Dale v. IRS, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2003)(concluding that a request that sought "any and all documents . . . that refer or relate in any way" to the requester failed to reasonably describe the records sought and "amounted to an all-encompassing fishing expedition of files at [the agency's] offices across the country, at the taxpayers expense").

Despite the overly broad nature of plaintiff's FOIA requests, the agencies have attempted to respond to them, and their responses must be judged in the context of the deficiencies in specificity in the requests.  As to one defendant (the IRS), however, the FOIA requests submitted to it are particularly egregious as to the lack of specificity – they seek all records relating in any way to plaintiff from 1960 to 2005.  See Exhibits 37, 38, 39, 40, and 44 to plaintiff's Motion for Partial Summary Judgment.  These requests fail to satisfy the requirement that a FOIA request be reasonably specific as to the documents that it seeks.  The motion for partial summary judgment as to the IRS should be denied on that ground.  (We note that despite this lack of specificity, the IRS has identified a criminal investigative

file that may be what plaintiff is seeking, and they are in the process of reviewing that file for release under the FOIA.)

### Payment Of Search And Processing Fees

As shown in Exhibit A hereto, the declaration of William C. Little, Jr., the Drug Enforcement Administration has identified seventeen files, some of which go back to 1975, as probably being responsive to plaintiff's FOIA request. Exhibit A, ¶ 18. DEA has recently sent a letter to plaintiff advising him that the estimated fee for the search and processing of these seventeen files is $1,848. Exhibit A, ¶ 14. Because of the magnitude of the fees, plaintiff is being offered the opportunity to reformulate his request. Exhibit A, ¶ 21.

Also attached hereto as Exhibit B is a declaration from an attorney from EOUSA that explains that plaintiff has been advised that there were search and processing fees in connection with the further processing of his FOIA request to that agency. Plaintiff has failed to respond to EOUSA on his willingness to pay the fees required for further search and processing of his FOIA request. Consequently, his requests have been administratively closed.

As explained earlier, exhaustion of a plaintiff's administrative remedies is a condition precedent to judicial review of a FOIA suit. See Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C.Cir. 1985). A plaintiff's FOIA suit is subject to dismissal for lack of subject matter jurisdiction if he fails to

-4-

exhaust all administrative remedies. See Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C.Cir.1986). "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." Oglesby v. Dep't of Army, 920 F.2d 57, 66 (D.C.Cir.1990); see also Crooker v. United States Secret Service, 577 F.Supp. 1218, 1219 (D.D.C.1983) (absent a waiver of fee requirements, failure to comply with fee regula-tions constitutes a failure to exhaust administrative remedies under FOIA).

Plaintiff may argue that he has exhausted his remedies because he filed suit prior to the letter from DEA regarding the fees involved in a further search for documents responsive to the FOIA request. Regardless of whether the plaintiff filed suit before or after receiving a request for payment of fees, the plaintiff has an obligation to pay the reasonable copying and search fees assessed by the defendant. See Pollack v. Department of Justice, 49 F.3d 115, 120 (4th Cir.), cert. denied, 516 U.S. 843, 116 S.Ct. 130, 133 L.Ed.2d 78 (1995) (payment of fees is a statutory requirement under the FOIA and the filing of a FOIA suit does not relieve the requester of the obligation to pay).[1]

---

[1] This paragraph and the preceding paragraph are taken largely from the District Court's decision in Trueblood v. United States Department of the Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996).

It follows that plaintiff has not exhausted his administrative remedies as to the DEA and EOUSA.

### The Impact Of An Open America Stay

Simultaneously with the filing of this opposition to plaintiff's motion, defendants are filing a motion for a stay of further proceedings in the case as to the FBI and the IRS (which is attempting to respond to plaintiff's FOIA request, despite its lack of specificity, with regard to a criminal investigation that they believe plaintiff may be interested in (it involved him)). Assuming that this Court grants that stay, it is appropriate to await the results of that stay (the completion of the processing of the FOIA requests) before concluding that plaintiff's administrative remedies have been exhausted as to the FBI and IRS.

### Conclusion

For the reasons set forth above, plaintiff's motion for partial summary judgment on the issue of exhaustion of administrative remedies should be denied as to DEA, FBI, IRS, and EOUSA. A draft order reflecting this conclusion is submitted herewith.

Respectfully submitted,

KENNETH L. WAINSTEIN, DC Bar#451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

```
                    /s/
          FRED E. HAYNES, DC Bar #165654
          Assistant United States Attorney
          555 Fourth Street, N.W., E-4110
          Washington, D.C.  20530
          202. 514.7201
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

ROBERT A. MACKAY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
          Defendants.          )
_____)

                              ORDER

UPON CONSIDERATION of the motion by plaintiff for partial summary judgment on the issue of his exhaustion of administrative remedies as to his Freedom of Information Act requests, the response thereto, and the entire record in this case, it is this _____ day of _____, 2006,

ORDERED that plaintiff's motion is denied as to the Drug Enforcement Administration, the FBI, the IRS, and the Executive Office for the United States Attorneys; and it is further

ORDERED that the motion is granted as to the other defendants.

                                   UNITED STATES DISTRICT JUDGE

Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Robert A. Mackay
# 03473-063
Federal Correctional Complex
P.O. Box 3000
Forrest City, Arkansas 72336

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing response to plaintiff's motion for partial summary judgment to be served by first-class mail, postage prepaid, this 28th day of March, 2006, on:

>Robert A. Mackay
>\# 03473-063
>Federal Correctional Complex
>P.O. Box 3000
>Forrest City, Arkansas 72336

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201