UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. MACKAY )<br>)<br>Plaintiff )<br>)<br>v. )<br>) Civil Action No. 05-2363 JR<br>DRUG ENFORCEMENT )<br>ADMINISTRATION, *et al.* )<br>)<br>Defendant )<br>_____ ) | |

### DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct, to the best of my knowledge and belief, either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted to and a member in good standing of the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.



EXHIBIT A

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibility are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on

issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

8. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records. The support also includes the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Freedom of Information Act.

10. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, as relates to the Plaintiff's FOIA complaint, I personally conducted a litigation review of the contents of the files and records maintained by the DEA Freedom of Information Operations Unit (SARO).

11. SARO is the DEA office responsible for responding to, searching for, processing and the releasing of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the searching, processing and releasing of information responsive to FOI/PA requests received by the DEA.

12. By letter dated April 7, 2005, the plaintiff requested "a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely reference to my name" and for which he provided particulars that included "Criminal Investigatory, Forfeiture and other records in Texas, Arkansas, Arizona and Connecticut." A copy of the plaintiff's letter dated April 7, 2005, is attached as Exhibit A.

13. Although plaintiff's letter was dated April 7, 2005, DEA had no record of the receipt of the request. After notice and receipt of the complaint and summons and discussion with Assistant United States Attorney Fred Haynes, a copy of the request was forwarded to DEA. The request was received on February 14, 2006.

14. By letter dated March 22, 2006, DEA informed the plaintiff that the estimated fee for the search and processing of his request was approximately $1,848.00. A copy of the DEA letter, dated March 22, 2006, is attached as Exhibit B.

15. The plaintiff's request was interpreted as a request for information contained in DEA criminal investigative files and information related to the seizure of assets that were associated with his name.

16. Since criminal investigative information maintained by DEA is contained in the DEA Investigative Reporting and Filing System (IRFS) a query of the Narcotics and Dangerous Drug Information System (NADDIS) was conducted.

17. With regard to asset forfeiture records, DEA was unable, based upon the information that the plaintiff provided, to identify any records that the plaintiff may have been requesting. To retrieve asset forfeiture records, a description of the asset with the date and place of the seizure, or the DEA asset forfeiture number is required. Since the plaintiff failed to provided any of the required information, it is impossible to search for or retrieve responsive records.

18. A total of 17 investigative case files maintained in IRFS were identified as having information that mention the plaintiff or in which he was identified as the subject or defendant. These investigative case files date back to about 1975.

19. Since four of the files are more than 25 years old and another eight (8) exceeded the time that files are retained before being forwarded to the Federal Records Center Suitland Maryland, attempts were immediately initiated to retrieve the files and insure that the four file that exceed the 25 year retention schedule were not destroyed.

20. Since the estimated fee exceeds $250.00, the Department of Justice Rules, contained in 28 C.F.R. § 16.11 (i)(2), provides that requesters without a history of payment of fees will make an advance payment. DEA is awaiting the plaintiff's response to the fee request.

21. The plaintiff was allowed 45 days to respond to the fee request or to reformulate his request.

22. Upon receipt of payment, DEA will initiate further processing of the plaintiff's request.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

March 23, 2006
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537

# EXHIBIT A

Case 1:05-cv-02363-JR    Document 30-2    Filed 03/28/2006    Page 7 of 11

To: Director                                              Date: April 7, 2005

Drug Enforcement Administration

United States Department of Justice

Washington, D.C. 20537

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search:

All Records. There are Criminal Investigatory, Forfeiture and other records in Texas, Oklahoma, Arkansas, Arizona and Connecticut.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME         ROBERT ARTHUR MACKAY

DATE OF BIRTH :   February 25, 1947

PLACE OF BIRTH :  Carlsbad, New Mexico USA

SOCIAL SECURITY NUMBER:   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

I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 7th day of April, 2005.

By  X *Robert A. Mackay*
                        Affiant Herein

(28 USC Section 1746)

Name:    Robert Mackay

Reg. No.  03473-063

Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas  72336

#1

2005 FEB 14 PM 1:17

OPERATIONS UNIT

# EXHIBIT B



**U.S. Department of Justice**

Drug Enforcement Administration

---

www.dea.gov

MAR 2 2 2006

Robert A. MacKay
Registration No. 03473-063
Federal Correctional Complex, Unit B-1
Box 3000 (Medium)
Forrest City, Arkansas 72336

    Re: *Robert A. MacKay v. The Drug Enforcement Administration, et al.*, CA No. 05-2363 (JR)

Dear Mr. MacKay:

    This letter responds to your April 7, 2005, letter addressed to the Drug Enforcement Administration (DEA). Until this matter was filed and a copy of your letter was provided by the Assistant United States Attorney, DEA had not record of receipt of your letter. As a matter now in litigation, the initial review, determinations, processing and release of information is the responsibility of the Office of Chief Counsel and the attorney assigned to the matter.

    Based upon the contents of your letter, your request is interpreted as a request for information contained in DEA criminal investigative files and information related to the seizure of assets that were associated with your name. Criminal investigative information maintained by DEA is contained in the DEA Investigative Reporting and Filing System (IRFS). IRFS is a Privacy Act System of Records and is exempt, pursuant to 28 C.F.R. § 16.98, from the access provisions and the limitation on fees. *See also* 28 C.F.R. §. 16.49. Consequently, the information that you receive is only that which is required by the Freedom of Information Act and you are assessed a fee for search and duplication.

    With regard to asset forfeiture records, DEA is unable, based upon the information that you provided, to identify any records that you may be requesting. To retrieve asset forfeiture records, a description of the asset with the date and place of the seizure, or the DEA asset forfeiture number is required. Since you have failed to provided any of the required information, it is impossible to search for or retrieve responsive records.

    The practical means by which information contained in the DEA IRFS is retrieved is through the Narcotics and Dangerous Drug Information System (NADDIS) by entering an individual's name, social security number and date of birth. A NADDIS query was executed. A total of 17 investigative case files maintained in IRFS were identified as having information that mention you or in which you are identified as the subject or defendant. These investigative case files date back to about 1975. It also appears from your request, that you wish to have certain DEA field activity files also searched for responsive records. Although the DEA Headquarters file is the official file, there may be records that are maintained in the field file that mention your name that are not maintained in the DEA Headquarter's file.

      To conduct a search for, process and duplicate records, substantial government resources are expended in providing access to agency records. Each DEA Headquarter's investigative file takes approximately two hours to hand search and locate responsive records. To search each field file, requires an additional two (2) hours per file. Time is billed at the rate of $28.00 per hour. It is estimated that the fee assessed for to search 17 headquarters and field files is approximately $1,848.00. You are entitled to two (2) hours search, or copies of 250 pages, or a combination free of charge. The two hours of search free of charge was deducted from the total.

      Since the estimated fee exceeds $250.00, the Department of Justice Rules, contained in 28 C.F.R. 16.11 (i)(2), provides that requesters without a history of payment of fees will make an advance payment. Be advised that a complete search of files in which you may be mentioned does not guarantee that records will be released, since some, all or portions of the records may withheld pursuant to exemptions to the FOIA. Please remit the stated amount making the **certified check or money order** payable to the Treasury of the United States. Upon receipt of your payment, DEA will initiate further processing of your request. However, if this office does not receive your payment within forty-five days (45), DEA will assume that you do not wish to pursue this matter and your request will be administratively closed.

      As provided by Federal Regulation, you are afforded the opportunity to reformulate your request in such a manner as to reduce the search and reproduction fees. This could be accomplished by narrowing the scope of your request; specifying the type of documents that you desire, the time frame or incident about which you are interested or noting a specific investigation that concerned or involved the subject of your request. However, DEA cannot locate specific documents based upon a criminal court docket or case number. Should you wish to reformulate your request, please advise within 45 days of the receipt of this letter.

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section