```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
          Defendants.          )
                               )
```

RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL
FACTS NOT IN GENUINE DISPUTE IN CONNECTION WITH
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Plaintiff has filed a motion for partial summary judgment on the issue of the exhaustion of his administrative remedies under the Freedom of Information Act (FOIA) so that this lawsuit may be deemed to be properly maintained. As we explain below, we agree that plaintiff has exhausted his administrative remedies as to some of the defendants but not as to others.

Plaintiff's FOIA requests suffer from a general deficiency – they are, for the most part, very general in the information that they seek, e.g., "all records" that relate to plaintiff. Such a broad request fails to "reasonably describe" the records sought, 5 U.S.C. § 552(a)(3)(A), and may be viewed as an improper "fishing expedition" through the agency's records. <u>See</u> <u>Immanuel v. Secretary of the Treasury</u>, 1995 WL 464141, at 1 (D. Md., April 4, 1995, <u>aff'd</u>, 81 F.3d 150 (4th Cir. 1996)(unpublished table decisions); <u>see also</u> <u>Dale v. IRS</u>, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2003)(concluding that a request that sought "<u>any</u> and <u>all</u>

documents . . . that refer or relate in any way" to the requester failed to reasonably describe the records sought and "amounted to an all-encompassing fishing expedition of files at [the agency's] offices across the country, at the taxpayers expense").

Despite the overly broad nature of plaintiff's FOIA requests, the agencies have attempted to respond to them, and their responses must be judged in the context of the deficiencies in specificity in the requests.  Accordingly, we agree that plaintiff has exhausted his administrative remedies as to the following defendants referred to in the statement of material facts not in genuine dispute:

¶ 3. The Bureau of Alcohol, Tobacco and Firearms;

¶ 4. The United States Marshal's Service;

¶ 6. The Department of Defense;

¶ 7. The Criminal Division of the Department of Justice;

¶ 8. The National Archives;

¶ 9. The United States Postal Service;

¶ 10. The Bureau of Prisons;

¶ 11. The Tax Division of the Department of Justice;

¶ 12. The Bureau of Customs and Border Protection;

¶ 13. The Central Intelligence Agency;

¶ 15. The Secret Service;

¶ 16. The Department of State;

¶ 17. The Office of the Attorney General;

¶ 18. The National Security Agency; and

¶ 19. Interpol-U.S. National Central Bureau.

There are four defendants as to whom defendant has not exhausted his administrative remedies. They are discussed below in connection with the paragraph of the statement of material facts to which they relate:

¶ 1. <u>The Drug Enforcement Administration ("DEA")</u>. Attached as Exhibit A to defendants' memorandum in opposition to the motion for partial summary judgment is a declaration from William C. Little, Jr., a DEA official, who explains that DEA did not receive the FOIA request from plaintiff. When the case was filed, this office (the United States Attorney's Office for the District of Columbia) forwarded to DEA a copy of the request that was attached to plaintiff's filings. DEA has processed the request, and, as explained in Exhibit A, has sent to plaintiff, on March 22, 2006, a request for the payment of $1,848 to cover the search and processing costs in connection with the review of the seventeen investigative files that have been found, dating back to 1975, that appear to be responsive to the request. The letter to plaintiff gives him the option of reformulating his request in order to reduce the costs. It is not known at this time whether plaintiff will seek to reformulate his request. Until this issue is resolved, plaintiff has not exhausted his administrative remedies.

¶ 2.  <u>The FBI</u>.  As explained in Exhibit A to the <u>Open America</u> motion that defendants are filing with this response, the FBI has not been able to complete the search for documents responsive to plaintiff's request, due to the extremely heavy FOIA burdens that it is currently facing.  The FBI is seeking a stay of further proceedings as to it to May 1, 2006.  At that point it will be appropriate to revisit the issue of plaintiff's exhaustion of administrative remedies as to the FBI.

¶ 5.  <u>The IRS</u>.  The FOIA requests submitted to the IRS are particularly egregious as to the lack of specificity – they seek all records relating in any way to plaintiff from 1960 to 2005.  <u>See</u> Exhibits 37, 38, 39, 40, and 44 to plaintiff's Motion for Partial Summary Judgment.  They fail to satisfy the requirement that a FOIA request be reasonably specific as to the documents that it seeks.  The motion for partial summary judgment as to the IRS should be denied on this ground.  Additionally, the IRS is now undertaking a review of an investigative file (in connection with a grand jury) that they are interpreting plaintiff's FOIA requests to cover.  As explained in the <u>Open America</u> motion filed with response, a stay until May 1, 2006, should be granted to the IRS to complete the review of this file.  At that time, the issue of exhaustion of administrative remedies can be revisited.

¶ 14.  <u>The Executive Office of the United States Attorneys</u>.  Attached as Exhibit B to defendants' memorandum in opposition to

the motion for partial summary judgment is a declaration from an EOUSA attorney explaining that plaintiff has not responded to EOUSA as to whether he will agree to pay or pay the fees that will be incurred in further responding to plaintiff's FOIA request to EOUSA. Given plaintiff's failure to respond to EOUSA, his FOIA request has been closed. He has failed to exhaust his administrative remedies.

    The issues raised above in connection with ¶¶ 1, 2, 5, and 14 preclude the grant of partial summary judgment at this time as to the defendants identified in those paragraphs.

                            Respectfully submitted,

                            KENNETH L. WAINSTEIN, DC Bar#451058
                            United States Attorney

                            RUDOLPH CONTRERAS, DC Bar #434122
                            Assistant United States Attorney

                            FRED E. HAYNES, DC Bar #165654
                            Assistant United States Attorney
                            555 Fourth Street, N.W., E-4110
                            Washington, D.C.  20530
                            202. 514.7201

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing response to plaintiff's statement of material facts not in genuine dispute to be served by first-class mail, postage prepaid, this 28th day of March, 2006, on:

>  Robert A. Mackay
>  # 03473-063
>  Federal Correctional Complex
>  P.O. Box 3000
>  Forrest City, Arkansas 72336

>  Fred E. Haynes, D.C. Bar # 165654
>  Assistant United States Attorney
>  555 4th Street, N.W., Room E-4110
>  Washington, D.C. 20530
>  (202) 514-7201