```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
            Plaintiff,         )
                               )
      v.                       )   Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
            Defendants.        )
_____)
```

### DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS PENDING COMPLETION OF SEARCH AND PRODUCTION OF DOCUMENTS

Defendants FBI and the IRS, pursuant to <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), move this Court for a stay of proceedings with respect to any documents that they have not yet produced to plaintiff in this case. Plaintiff seeks records from the FBI and the IRS, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, pertaining to himself. Despite their diligent work, the FBI and the IRS have not yet been able to complete the processing of plaintiff's requests. Under these circumstances, an <u>Open America</u> stay is appropriate. The proposed stay will expire on May 1, 2006.

Because of the difficulties involved in contacting federal prisoners, undersigned counsel (Fred E. Haynes) primarily

responsible for this case for defendants has not attempted to contact plaintiff to determine his position on this motion.[1]

A proposed Order, consistent with this motion, is attached.

        Respectfully submitted,

        KENNETH L. WAINSTEIN, DC Bar#451058
        United States Attorney

        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney
            /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney
        555 Fourth Street, N.W., E-4110
        Washington, D.C.  20530
        202. 514.7201

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a) (emphasis added).

```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
          Defendants.          )
                               )
```

MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR A STAY

Plaintiff's complaint in part relates to Freedom of Information Act (FOIA) requests that he has submitted to the FBI and the IRS. As we explain below, this Court should issue a stay of all proceedings in this matter as to the FBI and IRS until May 1, 2006, pursuant to Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976).

Background

Under the FOIA, federal agencies must respond to document requests within twenty days. 5 U.S.C. § 552(a)(6)(A). However, the Act specifically provides that, in "exceptional circumstances," additional time may be allowed for an agency to process its records. "If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C).

The United States Court of Appeals for the District of Columbia, in <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), construed this section as follows:

> In summary, we interpret Section 552 (a)(6)(C) to mean that "exceptional circumstances exist" when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.  In such situation, in the language of subsection (6)(C), "the court may retain jurisdiction and allow the agency additional time to complete its review of the records."  Under the circumstances defined above the time limits prescribed by Congress in subsection (6)(A) become not mandatory but directory. The good faith effort and due diligence of the agency to comply with all lawful demands under the Freedom of Information Act in as short a time as is possible by assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act.

<u>Id.</u> at 616.  Exceptional circumstances exist when an agency's resources do not permit it to process the high volume of FOIA requests that it receives within the Act's time limits, and when the agency can show that it "is exercising due diligence in processing the requests."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Crooker v. United States Marshals Serv.</u>, 577 F. Supp. 1217, 1218 (D.D.C. 1983) (due diligence stay order proper when agency complying with request as

quickly as possible). Courts have granted stays of substantial duration on the basis of the Open America criteria. See, e.g., Judicial Watch Inc. v. United States Dep't of State, No. 99-1130, slip op. at 2 (D.D.C. Feb. 17, 2000) (approving a ten-month stay because "unanticipated workload, the inadequate resources of the agency, and the complexity of many of the requests" constitute exceptional circumstances); Emerson v. CIA, No. 99-0274, 1999 U.S. Dist. LEXIS 19511, at **3-4 (D.D.C. Dec. 16, 1999)(granting a two-year stay because of "extraordinary circumstances" and noting that a stay in excess of two years is "not unusual"); Summers v. Department of Justice, 733 F. Supp. 443, 444 (D.D.C. 1989) (granting FBI an indeterminate stay of proceedings in view of large volume of FOIA requests received and being processed).

  The Electronic Freedom of Information Act Amendments of 1996 (EFOIA) altered the standard for obtaining a stay by excluding from exceptional circumstances any "delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog" of pending requests. EFOIA Amend. of 1996, Pub. L. No. 104-231; § 7(c), 110 Stat. 3048 (codified as amended at 5 U.S.C. § 552 (a)(6)(C)(ii)). As shown below, the FBI has more than satisfied this condition.

### The FBI's Efforts To Comply With The FOIA Requests

Attached hereto as Exhibit A is a declaration by David M. Hardy, the Section Chief of the Record/Information Dissemination Section at the FBI. He supervises approximately 242 employees. Exhibit A, ¶ 2. He explains in detail the steps taken by the FBI to respond to plaintiff's three FOIA requests. Plaintiff's third FOIA request, the referral of an FBI document from the Marshal's Service to the FBI, has been resolved and the document has been produced to plaintiff, with redactions. Exhibit A, ¶¶ 30-32. As to plaintiff's other two FOIA requests, requests number 1020903 and 1026007, he explains that the documents involved in those two requests are in the process of being gathered at FBI headquarters for processing under the FOIA. Exhibit A, ¶¶ 33-34.

Mr. Hardy next gives an overview of the FBI's FOIA backlog and the fact that the number of FOIA requests submitted to the FBI has grown enormously over time. Exhibit A, ¶¶ 35-36. He then explains that the FBI is involved in more than a hundred pending FOIA lawsuits. These lawsuits place extraordinary demands on the time of Mr. Hardy's unit, as he explains in detail at ¶¶ 37-38.

Mr. Hardy notes that additional personnel were added in the late 1990's to FOIA processing, but the events of September 11, 2001, have forced a reduction of personnel in his section, due to the vital need to have FBI personnel redirected to fight the war

on terrorism. Exhibit A, ¶ 39. Despite this reduction of personnel, Mr. Hardy explains the great progress that the FBI has made in reducing the FOIA backlog, due to its re-engineering efforts using modern technology. Exhibit A, ¶¶ 39-41.

Mr. Hardy then explains the reorganization of the process by which a FOIA request is handled by the FBI and the varied responsibilities that his section has. Exhibit A, ¶ 42-46. He next explains the FBI's central records system. Exhibit A, ¶¶ 47-51. He addresses the steps that have been taken to respond to plaintiff's FOIA requests, Exhibit A, ¶¶ 52-54. He explains that the search for documents responsive to the FOIA requests has been completed and that plaintiff's requests are now in the small queue of the "perfected case" backlog. He projects that the FBI can complete the processing of plaintiff's requests by May 1, 2006. Exhibit A, ¶¶ 52-58.

Mr. Hardy's declaration establishes that the FBI has been highly diligent in responding to FOIA requests submitted to it and that it has substantially reduced its FOIA backlog, despite the fact that it has had to shift personnel to deal with the war on terrorism. His declaration shows that exceptional circumstances exist such that the FBI is entitled to an <u>Open America</u> stay.

<u>The IRS's Efforts To Respond To Plaintiff's FOIA Requests</u>

As shown in defendants' response to the motion for partial summary judgment on the exhaustion of his administrative remedies and in defendant's response to plaintiff's statement of material facts that he believes are not in genuine dispute, the FOIA requests submitted to the IRS failed to meet the specificity requirements under the Act. They were, therefore, properly denied.

When this case was filed, as shown in the attached declaration by Joel D. McMahan, an IRS attorney, Exhibit B hereto, Mr. McMahan made inquiries to determine the status of the FOIA requests and whether the IRS had any potentially responsive documents. Exhibit B, ¶ 12. In the course of these inquiries, he was advised that no Service documents were located that were responsive to the FOIA requests but that plaintiff had been investigated and prosecuted on criminal drug charges, suggesting that further inquiry of the Service's criminal investigation agents might be productive. Exhibit B, ¶ 13.

Mr. McMahan was later advised that three boxes of documents had been located that were related to the criminal investigation. Because these boxes contained grand jury material they could only be reviewed by someone who was authorized on the grand jury list to access the material, in this case, one of the IRS's Special Agents who worked on the case. Exhibit B, ¶¶ 14-16.

Because of the work load of that agent, particularly the fact that she has been out of the office for most of the month of March training other IRS personnel, the processing of the three boxes will not be completed until May 1, 2006.  Exhibit B, ¶ 17.  These unusual facts merit a brief stay until May 1, 2006, in the IRS's release of responsive documents.  The facts show that the IRS, although it had no duty to respond to plaintiff's FOIA requests due to their lack of specificity, has made a commendable effort to try to respond to plaintiff's requests, despite their deficiencies.

## Conclusion

For the reasons set forth above, these proceedings against the FBI and the IRS should be stayed until May 1, 2006.

Respectfully submitted,

KENNETH L. WAINSTEIN, DC Bar#451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
          /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., E-4110
Washington, D.C.  20530
202. 514.7201

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ROBERT A. MACKAY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 05-2363 JR
                               )
DRUG ENFORCEMENT               )
ADMINISTRATION, et al.,        )
                               )
          Defendants.          )
                               )
_____)
```

ORDER

UPON CONSIDERATION of the motion by defendants for a stay of proceedings as to two of the defendants, and, and the entire record in this case, it is this _____ day of _____, 2006,

ORDERED that this case is stayed until May 1, 2006, as to the FBI and the IRS.

                                                             UNITED STATES DISTRICT JUDGE

```
Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Robert A. Mackay
# 03473-063
Federal Correctional Complex
P.O. Box 3000
Forrest City, Arkansas 72336
```

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion for stay of proceedings to be served by first-class mail, postage prepaid, this 28th day of March, 2006, on:

>Robert A. Mackay
># 03473-063
>Federal Correctional Complex
>P.O. Box 3000
>Forrest City, Arkansas 72336

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201